**Terry Wayne KIRKPATRICK, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–123–CR.**

Court of Appeals of Texas, Fort Worth.

May 5, 1982.

Gibson, Darden & Hotchkiss and Richard T. Sutherland, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Dan Tompkins, Asst. Dist. Atty., Wichita Falls, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

Terry Wayne Kirkpatrick, has appealed his conviction of murder. His punishment was assessed at confinement in the Texas Department of Corrections for a term of sixty years.

We affirm the judgment of the trial court.

Appellant urges in his fourth ground of error that the trial court erred in refusing to instruct the jury on the law of self-defense. Our inquiry is whether, if appellant's testimony is taken as true, a case of self-defense has been made. *Rodriquez v. State,* 544 S.W.2d 382 (Tex.Cr.App.1977).

Appellant testified that: The first time he had ever had anything to do with Philip Wayne Hopkins, the deceased, was when Hopkins walked over to the pick-up truck in which he was sitting. He did not notice how big or little Hopkins was. Hopkins' hands were at his sides and appellant could see no weapons. Hopkins approached the pick-up truck and told appellant he was going to "kick his ass". Hopkins stood at the window of the truck and "hollered" at appellant. He did not know whether Hopkins made any effort to open the door of the truck or reach into the truck. He then picked up a loaded gun which was laying between the seats in the truck and pointed it at Hopkins telling Hopkins "he'd better get the hell out of here". Hopkins then reached inside the truck and grabbed the pistol by the chamber and barrel and tried to pull it away from appellant. Appellant braced the pistol on the door to keep it from being pulled out of the door. The gun fired and Hopkins staggered to the ground. He did not intend to shoot Hopkins.

V.T.C.A.Penal Code sec. 9.04 (1974) provides that "the threat of force is justified when the use of force is justified". V.T.C. A.Penal Code sec. 9.32 (1974) provides that "[a] person is justified in using deadly force against another:

"(1) if he would be justified in using force against the other under Section 9.31 of this code;

"(2) if a reasonable person in the actor's situation would not have retreated; and

"(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to protect himself against the other's use or attempted use of unlawful deadly force; or"

V.T.C.A.Penal Code sec. 9.31 (1974) provides that:

"(b) The use of force against another is not justified:

"(1) in response to verbal provocation alone;"

▇ The evidence here raises no issue as to any attack or apparent attack upon appellant's person by Hopkins nor does it raise any reasonable expectation or fear of such

an attack. *Cerda v. State*, 557 S.W.2d 954 (Tex.Cr.App.1977). As the commentary to section 9.04 points out, the trouble with pointing pistols is that they go off. When appellant pointed his pistol at Hopkins he was responding to no more than verbal provocation. We hold that appellant was not entitled to a self-defense instruction. The third ground of error is overruled.

■ Appellant's first three grounds of error relate to the State's *ex parte* procurement of appellant's military court martial records. It is appellant's contention that V.A.C.C.P. art. 28.01 (Supp.1982) provides him an absolute right to be present at any pre-trial proceeding initiated by the State and the State's failure to notify him or his attorney of the *ex parte* action constitutes a violation of that article.

The portion of article 28.01 upon which appellant relies reads as follows:

"The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding."

A question arises as to whether appellant was excluded from a "proceeding" as is contemplated by article 28.01. The State was not attempting to procure the court martial records from appellant. Rather it was procuring the records from the United States government pursuant to the provisions of 5 U.S.C. § 552a(b)(7) and (11) which allow disclosure by the government in the manner pursued by the State. The record is devoid of any indication that a hearing was held as was the case in *Riggall v. State*, 590 S.W.2d 460 (Tex.Cr.App.1979) wherein it was found that a "proceeding was conducted." The procedure followed by the State required no input from appellant. The *ex parte* procedure did not bear "a reasonable substantial relationship to the opportunity to defend". *Mares v. State*, 571 S.W.2d 303 (Tex.Cr.App.1978). We hold that no "proceeding" was conducted from which appellant was improperly excluded. We overrule the first three grounds of error.

Finally, appellant urges that the trial court abused its discretion by refusing to grant his motion for new trial predicated upon the newly discovered evidence that the State's attorney possessed personal information about the State's key witness' credibility which would have subjected the State's attorney to examination by appellant's counsel.

■ The State's attorney had evidently told someone that one of the State's witnesses appeared to have no difficulty recounting the events immediately before the shooting or immediately thereafter, but had difficulty in recounting the shooting itself. Appellant contends that with this information he could have more carefully scrutinized the testimony of the State's witness.

An officer who was conducting the investigation at the scene of the incident testified that the State's witness "couldn't tell the whole story without getting really upset". He was "excited and hyper".

It does not appear that the State's attorney's testimony would have added anything to the testimony of the investigating officer. The State's attorney did not interview the State's witness at the scene. We hold that the State's attorney's testimony would not have had an effect on the outcome of the trial. *Love v. State*, 533 S.W.2d 6 (Tex. Cr.App.1976). We overrule the fifth ground of error.

The judgment of the trial court is affirmed.