Robert Douglas **BROOKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–88–390–CR.

Court of Appeals of Texas,
Corpus Christi.

May 25, 1989.

---

1. It was later determined by laboratory analysis that the container held no illegal substances.

Walter P. Mahoney, Pasadena, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Appellant pled guilty before a jury to two counts of aggravated robbery. The jury then assessed punishment for each offense at confinement for 60 years and a fine of $10,000. We affirm the judgments of the trial court.

The appellant does not challenge the sufficiency of the evidence to support the convictions; therefore, no recitation of the facts is necessary.

In his first point of error, appellant contends that the trial court erred in denying him the right to retain counsel of his own choosing. Appellant alleges that the trial court erred in prohibiting appellant from substituting counsel Walter Mahoney for appointed counsel Ealy Bennett.

Facts relevant to the trial court's decision were developed at the hearing on appellant's motion for new trial during which appellant and Bennett actually testified, and during which the trial court, Mahoney, and the prosecutor stated their recollection of events surrounding the substitution denial into the record. Although the testimony and the recollections differ to some extent, the following facts and events occurred. Appellant had previously filed a

pauper's oath. On March 29, 1988, Ealy Bennett was appointed counsel for the appellant. The case was scheduled for trial on July 26, 1988. On the Friday before the trial began, Mahoney informed the trial court that he had been retained apparently by appellant's mother to represent appellant. It appears from the record that Mahoney was retained to represent the appellant in the trial of the case if he (Mahoney) could obtain a continuance of trial until appellant's mother could testify as a character witness for appellant. There was no contention that appellant's mother was a fact or alibi witness.

Bennett testified that he first learned of appellant's plan to hire an attorney when he arrived at court on Monday (July 25) and met Mahoney. Bennett testified that Mahoney told him that appellant's mother wanted to hire him.

It appears that Mahoney wanted to present a motion for continuance, but the trial court refused to allow him to present the motion because Mahoney was not the attorney of record. Mahoney would not file a motion for substitution of counsel until he was assured by the trial court that the trial court would grant his motion for continuance. The trial court stated into the record that he did not prohibit Mahoney from representing appellant. Instead, he only prohibited Mahoney from representing appellant if the substitution required a continuance. The trial court stated that Mahoney said he could not proceed without having other witnesses available. The trial court's statement was not challenged by appellant.

Bennett testified that he told the court that he was ready for trial and believed that appellant's mother was not a material witness "on anything." The State's attorney stated that her recollection was the same as the trial court's.

Bennett further testified:

Mr. Brooks then said he had no problems with Mr. Mahoney representing him, plus, he didn't have any problems with me representing him ... but if his mother wanted to hire Mr. Mahoney, he would go along with that ... and when the judge said he was going to continue with the trial; Mr. Brooks told me, fine, let's go.

Bennett also testified that appellant did not say that he wanted Mahoney to represent him. At the time appellant entered his plea, he did not inform the court that he wanted different counsel or that he was dissatisfied with appointed counsel. Appellant answered affirmatively to the judge's question of whether he was pleading guilty freely and voluntarily.

It appears uncontroverted that the trial would have been delayed if the substitution had been allowed. In *Ex parte Windham*, 634 S.W.2d 718 (Tex.Crim.App.1982), the Court of Criminal Appeals addressed a similar case where the court denied a motion for continuance which thereby denied the defendant to be represented by counsel of his own choice.

■ Although a motion for continuance was not filed or ruled on by the court in the present case, we believe appellant's point of error should be resolved using the analysis employed by the *Windham* Court. *See Brown v. State*, 630 S.W.2d 876 (Tex.App.—Fort Worth 1982, no pet.). The *Windham* Court held that various factors should be weighed against one another. These include: (1) the length of the delay requested, (2) whether other continuances were requested and whether they were denied or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another competent attorney was prepared to try the case, (5) the balanced inconvenience to the witnesses, the opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived reasons, (7) whether the case was complex or simple, (8) whether a denial of the motion resulted in some identifiable harm to the defendant, (9) the quality of legal representation actually provided. *Windham*, 634 S.W.2d at 720.

■ It must also be remembered that the public interest in the fair and orderly administration of justice may be greater than a defendant's right to have counsel of his choice. *Windham*, 634 S.W.2d at 720;

*Gallegos v. State,* 754 S.W.2d 485 (Tex. App.—Houston [1st Dist.] 1988, no pet.). In addition to the above factors, we believe it is relevant in this case to consider attorney Bennett's testimony that appellant was willing to go to trial, apparently with either attorney.

■ Reviewing the facts, it appears that attorney Bennett had been appellant's counsel for nearly four months. The Friday before trial, the trial court was approached ex parte and informed that he (Mahoney) wished to enter the case and be granted a continuance. The stated purpose of the continuance was to secure the presence at trial of appellant's hospitalized mother who was not a fact witness to the offense but was capable of providing information concerning punishment. On the day of trial, Mahoney, Bennett, and the trial judge met in the judge's chambers. Appellant's trial counsel stated the witness' testimony would not be material "on anything." Appellant was willing, according to Bennett, to proceed to trial, and he then entered a guilty plea which he stated was free and voluntary. Appellant did not complain when entering his plea that he had been denied counsel of his choice. Considering the above factors along with those stated in *Windham,* we conclude appellant was not denied counsel of his own choice. Appellant's first point of error is overruled.

In appellant's second point of error, appellant contends that the trial court failed to provide due process of law in "the overall procedure of the pre-trial, trial and post-trial proceedings," by conducting proceedings without appellant being present, refusing to allow attorney Mahoney from urging his motion for continuance, and refusing to allow appellant to make two separate offers of proof at the motion for new trial hearing. Although appellant's second point is multifarious, his separate contentions relate in some respect to his first point of error. Since we can understand appellant's contentions, we will address the issues raised. *See Ben–Schoter v. State,* 638 S.W.2d 902 (Tex.Crim.App.1982); *see also Hendricks v. State,* 640 S.W.2d 932, 937 n. 5 (Tex.Crim.App.1982); *Willaby v.*

*State,* 698 S.W.2d 473 (Tex.App.—Fort Worth 1985, no pet.); Tex.R.App.P. 74(d); *contra Macias v. State,* 733 S.W.2d 192, 193 (Tex.Crim.App.1987).

■ Appellant's second point of error presents several different issues. It is apparent from the record that the trial court conferred with counsel outside the presence of appellant when considering whether to substitute counsel. Appellant contends that these in-chamber discussions violated appellant's right to be present. A defendant's presence is required at trial and at pre-trial proceedings. Tex.Code Crim.Proc.Ann. arts. 33.03 (Vernon Supp. 1989) and 28.01 (Vernon Supp.1989). It seems apparent that in this case we are concerned with a pre-trial matter. Thus, the issue is whether the in-chamber discussions constituted proceedings within the meaning of article 28.01. If the incident is viewed as a motion for continuance, appellant should have been present, since article 28.01, sec. 1(5), of the Code of Criminal Procedure lists a motion for continuance as a matter to be determined at a pre-trial hearing.

Appellant's trial counsel Bennett, however, did not file a motion for continuance and indeed saw no reason for continuance. No motion for continuance was filed on appellant's behalf by Mahoney because the trial court would not permit Mahoney to be appellant's counsel until Mahoney filed a motion for substitution of counsel. Although we have some difficulty in resolving this issue, we believe it significant that appellant did not himself file a motion to substitute counsel or a motion for continuance, or complain about proceeding to trial. Furthermore, appellant, through his counsel Bennett, expressed his willingness to go to trial. Under the circumstances, although the trial court's act touched upon a fundamental constitutional right, it does not appear that appellant filed any motion which required a hearing, nor did the trial court rule on any matter which altered the status quo. Compare this case with *Brown,* 630 S.W.2d at 879 (counsel withdrew during trial). *See Kirkpatrick v.*

*State,* 633 S.W.2d 357 (Tex.App.—Fort Worth 1982, pet. ref'd).

■ Appellant next complains that the trial court erred in refusing to allow Mahoney to present his motion for continuance. Since no motion for substitution of counsel was filed, we find no error in the trial court's refusal to permit Mahoney to present the motion for continuance.

Appellant also complains that the trial court did not allow him to make two bills of exception during the motion for new trial hearing. Even if the trial court erred, *see Spence v. State,* 758 S.W.2d 597 (Tex.Crim. App.1988), we conclude that the facts shown through the motion for new trial hearing support the trial court's ruling on the motion for new trial, even if we presume that appellant would have presented contrary evidence. Accordingly, appellant's second point of error is overruled.

The judgments of the trial court are AFFIRMED.