TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00230-CR






Felipe Rodriguez Jaimes, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0953916, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






 Appellant Felipe Rodriguez Jaimes appeals from his conviction for aggravated assault with
a deadly weapon. See Tex. Penal Code Ann. § 22.02 (West 1994). The jury assessed appellant's
punishment at imprisonment for twenty years and a fine of $10,000. Appellant complains that the evidence
is insufficient to support his conviction for aggravated assault and that the trial court erred in charging the
jury. We will affirm the trial court's judgment.

 After summarizing the facts, we will review appellant's points of error in reverse order. 
Late in the evening, appellant was moving from one apartment to another. One of the last items appellant
removed from the apartment he was vacating was his pistol, which he stuck under his belt. A young lady
of appellant's acquaintance was returning to her apartment. She and appellant engaged in a conversation
across the bed of his pickup. Several men were on the other side of the parking lot. Appellant had seen
some of the men in the apartment complex at other times but he did not know them. While the young lady
and appellant were talking, appellant thought the other men shouted some disparaging words in Spanish
which were directed at him. Appellant testified that the men then asked him to come toward them and he
did. The men, who appellant testified had been drinking, formed a circle around him. They taunted him
in vulgar words. Appellant began to back up and the victim followed appellant and began punching him. 
Appellant was frightened by the men's words and actions and he testified he drew his pistol hoping to deter
his assailant. His assailant lunged at appellant telling him he would take his gun away and kill him. Fearing
for his life, appellant testified he fired the pistol twice in self defense. The shots were fatal to the victim who
died in the hospital operating room. Three of the other four men who were in the group and who were
relatives and friends of the victim testified. They testified the derogatory words they spoke were not
directed at appellant but were directed at each other in fun. These witnesses testified the shooting of the
victim was not provoked by the victim or by them. In a two-count indictment, appellant was charged with
murder and with aggravated assault with a deadly weapon. The jury acquitted appellant of murder but
found him guilty of aggravated assault with a deadly weapon.

 Appellant's third point of error alleges that, "Following the acquittal for murder, there is
insufficient evidence of aggravated assault under a theory plead in the indictment." In the second count of
the indictment, the State alleged the appellant "did then and there, by using a firearm, a deadly weapon,
knowingly, intentionally, and recklessly cause bodily injury to Jose Antero, by shooting Jose Antero with
said firearm, a deadly weapon." Appellant attempts to analyze, explain, and reconcile the jury's reasoning
and the various theories the jury may have had for acquitting him of murder, but convicting him of
aggravated assault with a deadly weapon. It has been held that a defendant is not entitled to develop the
mental process of a juror in reaching a verdict. Peak v. State, 522 S.W.2d 907, 910 (Tex. Crim. App.
1975); Adams v. State, 481 S.W.2d 884, 886 (Tex. Crim. App. 1972). The reasons and theories the
jury may have used in its deliberations before acquitting him of murder and convicting him of aggravated
assault with a deadly weapon are not important. The jury's verdict will be upheld if the evidence in the
record supports the verdict. The trial court instructed the jury that if it did not find appellant guilty of murder
beyond a reasonable doubt, it could find appellant guilty of aggravated assault if it found beyond a
reasonable doubt that appellant, "without justification by using a deadly weapon, a firearm, intentionally or
knowingly or recklessly caused bodily injury to Jose Antero, by shooting Jose Antero with said firearm,
a deadly weapon." It is not disputed that appellant shot the victim twice and that the victim sustained
serious bodily injury resulting in his death. This evidence is ample to support the jury's verdict finding
appellant guilty of aggravated assault with a deadly weapon. Appellant's third point of error is overruled.

 Appellant's second point of error alleges that, "the trial court misrepresented the law of self
defense to the jury." To demonstrate his claimed error, appellant quotes part of the record. In closing
argument, defense counsel attempted to read and explain the charge to the jury.


Defense counsel: But then in paragraph No. 9, a very important word, it says, "Upon
the law of self-defense, you are instructed that a person is justified in using force against
another when and to the degree he . . . " [At this point Mr. Williams attempted to clarify
to the jury from whose perspective the reasonableness of the actor's belief should be
judged. Appellant argued] . . . judged from the person's perspective, the actor's
perspective--


Counsel for the State: Objection, Your Honor, that's a misstatement of the law. It's a
reasonable man's perspective.


The Court: I sustain the objection.


Mr. Williams: ". . . when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other's use of force or attempted use
of unlawful force."



At trial, appellant made no objection to preserve for review the error alleged in this point. To properly
preserve an issue for appellate review, a defendant must make a timely request, objection, or motion,
stating the specific grounds for the ruling he desires the trial court to make and obtain a ruling on his request,
objection, or motion. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103; see Ethington v. State, 819
S.W.2d 854, 858-59 (Tex. Crim. App. 1991); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990). Furthermore, appellant does not complain on appeal about the trial court's charge on self defense,
except the complaint made in his first point of error, which we will discuss next. Appellant's second point
of error was not preserved for review in the trial court and is therefore overruled.

 In his first point of error, appellant asserts that the trial court erred, "in denying appellant's
request for a jury instruction relating to Texas Penal Code Section 9.04."


§ 9.04 Threats as Justifiable Force


 The threat of force is justified when the use of force is justified by this chapter. For
purposes of this section, a threat to cause death or serious bodily injury by the production
of a weapon or otherwise, as long as the actor's purpose is limited to creating an
apprehension that he will use deadly force if necessary, does not constitute the use of
deadly force.



Tex. Penal Code Ann. § 9.04 (West 1994). The Practice Commentary explains some of the problems and
some of the history of this provision.


PRACTICE COMMENTARY


Revised by Seth S. Searcy III and James R. Patterson

of the Austin Bar

 The first sentence of this section equates threats of force or deadly force with the
actual use of force or deadly force for purposes of the justification chapter. This is done
because many threats constitute offenses (e.g., Section 22.01 (assault), 22.07 (terroristic
threat)), and for justification to furnish a complete defense threats as well as the actual use
of force or deadly force must be covered.

 The second sentence appears aimed at preserving the principle of Penal Code art.
1267. That article excepted from the offense of deadly threat (art. 1265) threats made in
self-defense. See, e.g., Dailey v. State, 436 S.W.2d 346 (Cr. App. 1968); Brown v.
State, 154 S.W.2d 464 (Crim. App. 1941). Section 9.04 appears to go further, however,
by equating deadly threats with nondeadly force, so long as the threat is intended only to
frighten. This means, for example, that the mild necessity justifying the use of nondeadly
force also justifies a deadly threat, provided, of course, it is merely conditional.

 Without commenting on the policy decision represented, except to point out that
the trouble with pointing pistols is that they go off, it should be noted that the second
sentence of Section 9.04 is inartfully drafted. Assuming the sentence was intended to
embody the Model Penal Code section to which its wording bears the closest
resemblance, a better formulation would be: "The threat to use deadly force is justified, if
the actor intends to create the apprehension that he will use deadly force only if necessary,
if the use if nondeadly force would be justified under this chapter."



(West 1974, Penal Code Vol. 1 now replaced.). The commentators are correct, Section 9.04 was
inartfully written. Its application in justification when a defendant is prosecuted for the offense of making
threats "by the production of a weapon" is comprehensible. See, e.g., cases cited in the commentary and
Barree v. State, 621 S.W.2d 776, 779 (Tex. Crim. App. 1981). But application of Section 9.04 to the
prosecution of cases in which the defendant is prosecuted for offenses resulting from the gun going off are
more difficult. See Kirkpatrick v. State, 633 S.W.2d 357, 358-59 (Tex. App.--Fort Worth 1982, pet.
ref'd).

 By its wording, Section 9.04 limits an actor's defense of justification for threatening to
cause death or serious bodily injury by the production of a weapon to situations in which the actor's
purpose is to create only the apprehension the actor will use deadly force if necessary. Here appellant's
purpose was not limited to creating an apprehension he would use deadly force if necessary. According
to appellant's testimony, he thought it necessary to shoot the victim in self defense. This created more than
an apprehension that appellant would use deadly force. He used deadly force. Appellant's testimony
entitled him to a jury charge on self defense. The trial court fully charged the law of self defense. We
conclude appellant's rights were adequately protected by the charge given. The facts did not require the
trial court to give the requested charge, and the court's refusal to do so was not error. In an attempt to
show how the court's refusal to give the requested charge was harmful, appellant quotes from the
prosecutor's argument. Appellant contends that because the court refused his requested charge on Section
9.04, he could as a matter of strategy elect not to object to the State's argument misstating the law. As we
understand this argument, appellant is wrong. The proper course if the State misstated the law in argument
was to make a timely objection to the State's argument. Appellant's first point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed

Filed: July 24, 1997

Do Not Publish





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



EM>See, e.g., Dailey v. State, 436 S.W.2d 346 (Cr. App. 1968); Brown v.
State, 154 S.W.2d 464 (Crim. App. 1941). Section 9.04 appears to go further, however,
by equating deadly threats with nondeadly force, so long as the threat is intended only to
frighten. This means, for example, that the mild necessity justifying the use of nondeadly
force also justifies a deadly threat, provided, of course, it is merely conditional.

 Without commenting on the policy decision represented, except to point out that
the trouble with pointing pistols is that they go off, it should be noted that the second
sentence of Section 9.04 is inartfully drafted. Assuming the sentence was intended to
embody the Model Penal Code section to which its wording bears the closest
resemblance, a better formulation would be: "The threat to use deadly force is justified, if
the actor intends to create the apprehension that he will use deadly force only if necessary,
if the use if nondeadly force would be justified under this chapter."



(West 1974, Penal Code Vol. 1 now replaced.). The commentators are correct, Section 9.04 was
inartfully written. Its application in justification when a defendant is prosecuted for the offense of making
threats "by the production of a weapon" is comprehensible. See, e.g., cases cited in the commentary and
Barree v. State, 621 S.W.2d 776, 779 (Tex. Crim. App. 1981). But application of Section 9.04 to the
prosecution of cases in which the defendant is prosecuted for offenses resulting from the gun going off are
more difficult. See Kirkpatrick v. State, 633 S.W.2d 357, 358-59 (Tex. App.--Fort Worth 1982, pet.
ref'd).

 By its wording, Section 9.04 limits an actor's defense of justification for threatening to
cause death or serious bodily injury by the production of a weapon to situations in which the actor's
purpose is to create only the apprehension the actor will use deadly force if necessary. Here appellant's
purpose was not limited to creating an apprehension he would use deadly force if necessary. According
to appellant's testimony, he thought it necessary to shoot the victim in self defense. This created more than
an apprehension that appellant would use deadly force. He used deadly force. Appellant's testimony
entitled him to a jury charge on self defense. The trial court fully charged the law of self defense. We
conclude appellant's rights were adequately protected by the charge given. The facts did not require the
trial court to give the requested charge, and the court's refusal to do so was not error. In an attempt to
show how the court's refusal to give the requested charge was harmful, appellant quotes from the
prosecutor's argument. Appellant contends that because the court refused his requested charge on Section
9.04, he could as a matter of strategy elect not to object to the State's argument misstating the law. As we
understand this argument, appellant is wrong. The proper course if the State misstated the law in argument
was to make a timely objection to the State's argument. Appellant's first point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Affirmed

Filed: July 24, 1997

Do Not Publish