David **RODRIQUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50659.

Court of Criminal Appeals of Texas.

July 7, 1976.

Rehearing Denied Jan. 5, 1977.

Juarez & Salinas, Lubbock, for appellant.

Lealand W. Greene, Dist. Atty., Snyder, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for deadly assault upon a peace officer (V.T. C.A. Penal Code, Sec. 22.03). Punishment was assessed at thirty-five years.

Appellant contends the trial court erred in refusing to charge the jury on self-defense after timely objection was made.

It is well established that if the issue is raised by the evidence the accused is entitled to have it submitted to the jury. The issue before this Court is not the truth of appellant's testimony; that is for the jury. The issue before this Court is whether, if the testimony is believed, a case of self-defense has been made. Appellant's testimony supporting submission of the issue may be stated briefly.

Appellant and others were passengers in a car driven by Luis Fuentez on the evening of June 8, 1974, when they were stopped by Snyder Police Department Officers Cullar and Lee for defective taillights. Appellant testified that after he got out of the car he saw Officer Lee push Luis Fuentez and saw the officer reach for his pistol. Being afraid the officer was going to shoot Fuen-tez and himself, he proceeded to disarm Lee. He testified that he did not shoot at Lee but moved out into the middle of the street and that Officer Cullar fired at him and only after he was wounded by the second shot did he start to shoot.

These questions are raised: If a person is stopped for a traffic violation and, upon stepping from his car, the officer pushes him and reaches for a pistol, is a passenger fearing for his own life and that of the driver justified in defending himself by attempting to disarm the officer? If such a threatened person succeeds in disarming the officer, and another officer fires at him and wounds him, is he justified in firing back in self-defense?

Self-defense is codified in Chapter 9 of the Penal Code, which in Sec. 9.31 provides in part:

"(c) The use of force to resist an arrest or search is justified:

"(1) if, before the actor offers any resistance, the peace officer . . . uses or attempts to use greater force than necessary to make the arrest or search; and

"(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's . . . use or attempted use of greater force than necessary.

"(d) The use of deadly force is not justified under this subchapter except as provided in Sections 9.32, 9.33, and 9.34 of this code."

V.T.C.A. Penal Code, Sec. 9.32 provides in part:

"A person is justified in using deadly force against another:

"(1) if he would be justified in using force against the other under Section 9.31 of this code;

"(2) if a reasonable person in the actor's situation would not have retreated; and

"(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

**384**

"(A) to protect himself against the other's use or attempted use of unlawful deadly force; or

"(B) . . ."

Appellant testified that before he offered any resistance Officer Lee pushed Fuentez and reached for his pistol, which caused him to fear he would be shot. On the subsequent use of deadly force, appellant testified that after disarming Officer Lee he moved to the middle of the street and did not fire until after being hit by the second shot fired by Officer Cullar. Whether the events actually happened that way in this case was a question for the jury, but the jury was denied the opportunity to decide those facts because a charge on self-defense was not given. Whether the officer used greater force than necessary, and whether appellant's beliefs, fears and actions were reasonable as required by statute, were also fact issues for the jury, but the jury was also deprived of the opportunity to decide those issues because of the failure to instruct the jury on self-defense.

We are of the opinion that appellant's testimony raised the issue of self-defense and that the trial court erred in overruling appellant's objection to the charge. We reiterate that the truth of appellant's testimony is not at issue here and we express no opinion on who was telling the truth. The issue is whether the jury should have been instructed to decide those facts under the law on self-defense. We hold the trial court erred in refusing to charge the jury on the law of self-defense.

The judgment is reversed and the cause remanded.

ONION, P. J., and DOUGLAS, J., concur in the results.