Clarence THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 63584.

Court of Criminal Appeals of Texas, Panel No. 3.

June 11, 1980.

---

Randy Schaffer, Houston, court appointed on appeal only, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, and Fred E. Reynolds, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter. Punishment was assessed at seven years.

Appellant raises two grounds of error, each asserting fundamental error in the jury charge. The indictment in this case alleged murder in two counts, under V.T.C.A., Penal Code Sec. 19.02(a)(1) and (a)(2). The grounds of error attack (1) the jury charge on self-defense with respect to the theory under 19.02(a)(2), and (2) the voluntary manslaughter charge under that theory. We consider the self-defense issue first.

Appellant argues the charge is fundamentally defective because it fails to apply the law of self-defense to the facts of the case under the State's theory of culpability pursuant to Sec. 19.02(a)(2). Sec. 19.-02(a)(1) and (2) provides:

"(a) A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual; [or] (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; . . ."

The jury charge, after abstractly stating the law of self-defense, see V.T.C.A., Penal Code Secs. 9.31 and 9.32, gave the following application of the law to the facts:

"You are instructed that in determining the existence of real or apparent danger, it is your duty to consider all of the facts and circumstances in the case in evidence before you and consider the words, acts and conduct, if any, of Glent Charles Ray at the time of and prior to the time of the alleged stabbing and consider whatever threats, if any, the said Glent Charles Ray may have made to the defendant, and consider any difficulty or difficulties which the said Glent Charles Ray had had with the defendant, and in considering such circumstances, you should place yourselves in the defendant's position at that time and view them from his standpoint alone.

"Now, if you find from the evidence beyond a reasonable doubt that the defendant, did knowingly cause the death of Glent Charles Ray by cutting and stabbing him with a knife but you further find from the evidence that, viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Glent Charles Ray it reasonably appeared to him that his life or person was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Glent Charles Ray and that acting under such apprehension and reasonable belief that the use of deadly force on his part was immediately necessary to protect himself against Glent Charles Ray use or attempted use of unlawful deadly force, he cut and stabbed the said Glent Charles Ray and that a reasonable person in defendant's situation would not have retreated, then you should acquit the defendant on the grounds of self-defense; or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the benefit of that doubt to the defendant and acquit him, and say by your verdict not guilty.

"If you find from the evidence beyond a reasonable doubt that at the time and place in question the defendant did not reasonably believe that he was in danger of death or serious bodily injury, or that a reasonable person in defendant's situation, at the time and place in question, would have retreated before using deadly force against Glent Charles Ray or that defendant, under the circumstances, did not reasonably believe that the degree of force actually used by him was immediately necessary to protect himself against Glent Charles Ray's use or attempted use of unlawful deadly force, then you must find against the defendant on the issue of self-defense."

Appellant relies on *Fennell v. State*, 424 S.W.2d 631, and specifically points out the opening phrase of the second paragraph of the above quoted excerpt from the charge. That part of the charge, argues appellant, restricted the jury's consideration of self-defense to theory of guilt under Sec. 19.-02(a)(1), and did not allow its application to the jury's deliberation of appellant's guilt under the Sec. 19.02(a)(2) theory.[1]

■ It is true that the second paragraph's opening phrase, "Now, if you find from the evidence beyond a reasonable doubt that the defendant, did knowingly cause the death of Glent Charles Ray by cutting and stabbing him with a knife," when taken alone does improperly restrict the jury's consideration of the issue of self-defense. When fundamental error in the jury charge is urged, however, it must be determined whether the error was calculated to injure the rights of defendant, or whether he has been denied a fair and impartial trial, Art. 36.19, V.A.C.C.P., and the charge must be read as a whole. *Smith v. State*, 541 S.W.2d 831, 839. When we read the charge on self-defense as a whole, we observe that the second quoted paragraph applying the law to the facts concludes, ". . . or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on said occasion and under the circumstances, then you should give the benefit of that doubt to the defendant and acquit him, and say by your verdict not guilty." We conclude that the charge on self-defense, read as a whole, does not present fundamental error. *Fennell v. State*, supra, presented an extreme case where there was a complete failure to apply the law to the facts on the issue of self-defense. In this case there was extensive application of the law to the facts on that issue, and although a clause of that part of the charge erroneously restricted consideration of the issue, the balance presented a broad application to the whole of the case. The first ground of error is overruled.

■ The other ground of error attacks this paragraph of the charge on voluntary manslaughter:

"Now, if you should find and believe from the evidence beyond a reasonable doubt that on or about the 1st day of November, 1978, in Harris County, Texas, the defendant, Clarence Thomas, did intentionally and knowingly cause the death of Glent Charles Ray by cutting and stabbing him with a knife, or did then and there intend to cause serious bodily injury to the said Glent Charles Ray and with said intent to cause such injury did commit an act clearly dangerous to human life, *to wit, cutting and stabbing him with a knife and causing the death of* the said Glent Charles Ray while under the immediate influence of a sudden passion arising from an adequate cause, then you will find the defendant guilty of voluntary manslaughter." (Emphasis added.)

Appellant argues fundamental error is presented because the charge does not read "to wit, cutting and stabbing him with a knife *that caused* the death." This defect, he asserts, allowed the jury to convict appellant without finding that the death was caused by the act of cutting and stabbing with a knife as alleged in the indictment. We do not make such a narrow reading of the charge, particularly in view of appellant's failure to object at trial. See, Art. 36.19, supra, and *Smith v. State*, supra. The ground of error is overruled.

■ In oral argument an additional assertion of fundamental error in the jury charge was raised. Appellant relies on *Ayers v. State* (Tex.Cr.App., No. 58,832, 3/26/80), in which reversal was ordered due to error in the way murder and voluntary manslaughter were distinguished. Although the charge in this case presents such error, it is harmless because appellant was acquitted of murder and convicted of voluntary manslaughter.

The judgment is affirmed.

1. We recognize appellant was convicted of voluntary manslaughter, V.T.C.A., Penal Code Sec. 19.04. Both theories of that offense as a lesser included offense under Sec. 19.02(a)(1) and (a)(2) were submitted to the jury.