**Marshall Warren BARREE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59224.

Court of Criminal Appeals of Texas, Panel No. 2.

June 25, 1980.

On Rehearing Nov. 5, 1980.

On Rehearing Sept. 23, 1981.

Rehearing Denied Oct. 14, 1981.

Jon H. Barry, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly, John G. Tatum, Will Wilson and Michael Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ., concur.

## OPINION

ROBERTS, Judge.

The court sentenced Barree to 120 days in jail after a jury found him guilty of making a terroristic threat. The only question is whether the trial court erred in failing to charge the jury on self-defense. The appellant properly objected to the court's charge to the jury.

The relevant law of self-defense should be set out first. V.T.C.A., Penal Code, Sec. 9.04 provides:

"The threat of force is justified when the use of force is justified by this chapter. For purposes of this section, a threat to cause death or serious bodily injury by the prosecution of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force."

V.T.C.A., Penal Code, Sec. 9.31(a) & (b) provides:

"(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

"(b) The use of force against another is not justified:

"(1) in response to verbal provocation alone;

"(2) to resist an arrest or search that the actor knows is being made by a

peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c) of this section;

"(3) if the actor consented to the exact force used or attempted by the other; or

"(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

"(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

"(B) the other nevertheless continues or attempts to use unlawful force against the actor."

Some facts were not disputed. On June 17, 1977, the appellant and two other men were in a pickup truck which was parked near a pile of garbage at the curb of a street. The complainant drove up in a garbage truck, and he wanted the pickup truck to be moved out of the way so that he could collect the garbage. An argument developed, at least one knife was drawn, and the appellant threatened to cut the complainant.

In *Rodriquez v. State*, 544 S.W.2d 382, 383 (Tex.Cr.App.1976), we stated:

"It is well established that if the issue [of self-defense] is raised by the evidence the accused is entitled to have it submitted to the jury. The issue before this Court is not the truth of appellant's testimony; that is for the jury. The issue before this Court is whether, if the testimony is believed, a case of self-defense has been made. Appellant's testimony supporting submission of the issue may be stated briefly."

The appellant's evidence came from himself and his companions in the truck. One companion had gone into a grocery store. When he came out he saw the men talking

but he was too far away to hear. Then he saw the complainant, with a knife in his hand, walk away from the argument toward the telephone. He told the complainant to leave. He thought that the complainant might hurt the appellant because the appellant had no weapon.

The appellant testified that he and the complainant "cussed at each other," that the complainant had a knife, and that he told the complainant that he would take the knife away and let some air out of his (the complainant's) stomach. The appellant thought that there would be "some trouble" because of the knife.*

"We are of the opinion that appellant's testimony raised the issue of self-defense and that the trial court erred in overruling appellant's objection to the charge. We reiterate that the truth of appellant's testimony is not at issue here and we express no opinion on who was telling the truth. The issue is whether the jury should have been instructed to decide those facts under the law on self-defense. We hold the trial court erred in refusing to charge the jury on the law of self-defense."

*Rodriquez v. State*, 544 S.W.2d 382, 384 (Tex.Cr.App.1976).

The judgment is reversed and the cause is remanded for a new trial.

DOUGLAS, Judge, dissenting.

Under the evidence in this case, no use of force was justified and, therefore, no threat of force was justified under V.T.C.A., Penal Code, Section 9.04, which provides, in part:

"The threat of force is justified when the use of force is justified by this chapter. . . ."

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

Appellant was convicted of making a terroristic threat. See V.T.C.A., Penal Code

---

* The complainant admitted drawing his knife, but he said that he did so in self-defense after the appellant drew a knife and threatened him.

Sec. 22.07. On original submission this case was reversed and remanded for a new trial due to the trial court's failure to charge the jury on self-defense. We granted the State leave to file a motion for rehearing to reconsider this issue.

An examination of the record reveals that appellant's objection to the charge was filed with and overruled by the trial court on November 3, 1977. The jury, however, was charged and returned its verdict the day before. There is nothing in this record to indicate that the appellant presented a timely objection to the court's charge. In the absence of such an objection, appellant waived the error he now urges. *Braudrick v. State*, Tex.Cr.App., 572 S.W.2d 709, 711.

The State's motion for rehearing is granted, the reversal is set aside and the judgment is affirmed.

Before the Court en banc.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

On original submission, this conviction was reversed; the majority of the panel holding it was error to deny appellant's requested charge on self-defense. On State's motion for rehearing, the judgment was affirmed on the basis that it did not appear that the objection to the charge was timely. As appellant points out in his brief on motion for rehearing, the jury did not return its verdict on November 2, 1977, but the record reflects that the jury was charged and the appellant was convicted on November 3, 1977. We turn then to reconsider the merits of appellant's complaint.

The appellant urges that the trial court erred in denying his request for an instruction on the law of self-defense. If an issue is raised by the evidence, the accused is entitled to have that issue submitted to the jury. *Rodriquez v. State*, 544 S.W.2d 382 (Tex.Cr.App.1977).

The complaining witness, Frank Greenhaw, testified that he was driving a city garbage truck on the date of the offense. Greenhaw was unable to collect the garbage in front of a club because a pickup was blocking the way. There were three persons in the pickup. When Greenhaw asked the driver of the pickup to pull up, the appellant got out of the passenger side of the truck and started "cussing" at him. Greenhaw stated that the appellant appeared to be drunk. The complainant walked across the street to call the police; the appellant followed him, shouting obscenities. Greenhaw, paraphrasing appellant, testified that appellant told him "he was going to cut my rear off." On the way to the telephone, the appellant pulled out his pocket knife, then staggered around the complainant, threatening him. After the complainant made his call, to protect himself, he pulled out his pocket knife and said, "Man, back up. I don't think we should try to take care of this. Let the officer get here. When he gets here, let him take care of it." The appellant continued to walk around the complainant, cussing, until the driver of the pickup impressed upon appellant that the police were on their way, at which point the appellant ran off.

Section 9.31(a), V.T.C.A. Penal Code provides:

"(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force."

Clearly, the testimony of the complainant did not raise the issue of self-defense. According to the appellant's version of the events that transpired, the garbage truck drove up too close to the pickup. Appellant stated that he asked Greenhaw if he was trying to hit the truck. Appellant stated that he and Greenhaw cussed at each other. The appellant denied having a knife. The only testimony from appellant which would arguably raise the issue of self-defense is as follows:

"Q. [On direct examination]: Did you have a knife in your hand?

A. No, I didn't have no knife.

Q. Did you threaten him with a knife?

A. I told him I would take his and use it on him.

  *   *   *   *   *   *

Q. Did you see him have a knife?

A. *He had one.*

  *   *   *   *   *   *

Q. In your own mind, was there a chance that you might see trouble that day because of that knife?

A. *If he would have tried to hurt me with it* we probably would have got into some trouble because like I said, I just got tired of arguing with him and we left." (Emphasis added)

Section 9.31, supra, justifies the use of force against another when the actor reasonably believes it is *immediately necessary to protect himself* against the other's use of force or attempted use of unlawful force. In Section 9.04, V.T.C.A. Penal Code, threat of force is justified when the use of force is justified by Chapter 9 of the Penal Code.

In this record there was no evidence that the use of force by appellant was immediately necessary to protect himself from the complainant. There is the undisputed evidence that the complainant had a pocket knife, but the record is void of evidence that the complainant ever attempted to use the knife or even threatened to use the knife. In fact, the record is silent as to whether the pocket knife was even open. Appellant's statement, "If he had tried to hurt me with it..." strongly implies that the complainant did not try to hurt appellant. Further, there is absolutely no evidence that appellant was in apprehension or fear of being the recipient of the unlawful use of force from complainant. The evidence does not raise the issue of self-defense; the appellant was not entitled to such a charge. See *Cerda v. State*, 557 S.W.2d 954 (Tex.Cr.App.1977); *Dominguez v. State*, 506 S.W.2d 880 (Tex.Cr.App.1974). The contention is overruled.

The appellant's motion for rehearing is denied. The judgment is affirmed.

ROBERTS, CLINTON and TEAGUE, JJ., dissent.