**Carl T. LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0868–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 1984.
Rehearing Denied June 7, 1984.

Garland McInnis, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before SMITH, DUGGAN and BULLOCK, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was indicted for attempted murder. The jury found him guilty of the lesser included offense of aggravated assault and assessed his punishment at 5 years confinement, probated for five years.

This offense occurred as a result of two neighbors getting into an argument during a drinking bout. On April 20, 1982, appellant, an off-duty police officer, and complainant, a neighbor, began drinking beer on appellant's front porch at about 10:00 p.m. About 11:45 p.m., the two having warmed to the occasion, decided they wanted further drinks and drove in the appellant's car to a drive-in grocery to purchase more beer and wine. They sat in the car and continued drinking until 2:00 a.m., when they left to go home. During the ride home, an argument ensued, appellant jumped from the car, fired several shots at complainant, and ran home and notified the police. As a result of the gun shots hitting the complainant's abdomen and scrotum, his body was paralyzed below the waist.

In four grounds of error, appellant claims that the court's charge was defective for the following reasons:

(1) the charge authorized a conviction for the lesser included offense of aggravated assault, upon a finding that appellant acted recklessly;

(2) the charge was fundamentally defective because it authorized a conviction for the lesser included offense of aggravated assault if the jury found that appellant inflicted serious bodily injury on complainant, without requiring the jury to find that the serious bodily injury was caused by the gun shots;

(3) the charge, on the punishment phase, instructed the jury to set the duration of appellant's probation at the same period as the term of years assessed; and

(4) the charge failed to clearly instruct the jury that the law of self defense and use of deadly force was applicable to the lesser included offense of aggravated offense as well as to the attempted murder offense.

■ Appellant's first ground of error alleging that the charge is defective for authorizing a conviction for the lesser included offense of aggravated assault upon a finding that appellant's conduct was reckless, is without merit. In *Rocha v. State*, 648 S.W.2d 298 (Tex.Cr.App.1983), (Motion for Rehearing) the court held that "the fact that the lesser included offense of aggravated assault may be committed by the additional culpable mental state of reckless does not preclude a charge thereon even though said culpable mental state is not alleged in the indictment." The court noted that "reckless" is a lesser culpable mental state than "intentional" and "knowing", defined in Tex.Pen.Code, Sec. 6.02(d) and (e) and is included under the canopy of these higher culpable mental states alleged in the indictment for the greater offense of attempted murder. The court then concluded, *"Thus it was not error, much less fundamental error,* to submit a charge authorizing conviction of the lesser included offense of aggravated assault upon a

finding of a lower culpable mental state of 'reckless.'" (emphasis added).

Appellant's first ground of error is overruled.

Appellant's second ground of error alleges fundamental error in the charge because it authorized a conviction if the jury found that appellant caused complainant serious bodily injury, without finding that the injury was caused by appellant's shooting of complainant.

The portion of the charge complained of, reads as follows:

> Therefore, if you believe from the evidence beyond a reasonable doubt that the said Carl T. Lee, did on or about April 21, 1982, intentionally, knowingly, or recklessly cause bodily injury to Alvin Williams by shooting him with a gun, and that the said Carl T. Lee used a deadly weapon, to wit a gun, or if you find he caused serious bodily injury, you will find the defendant guilty of aggravated assault.

■ The record is devoid of any facts showing that appellant did any act calculated to injure, or which possibly could have injured complainant, except the act of shooting him with a gun. Also the medical testimony showed that complainant's injuries were caused solely by bullets striking complainant's body. Appellant admitted shooting at complainant, and did not deny that he shot complainant; however, he urged that the shooting was done in self defense. Only appellant's culpable mental state was seriously in issue. The evidence as to the shooting with a gun and of the seriousness of the wounds are uncontested facts; thus we cannot say that the failure to specifically refer to the use of the gun as the cause of complainant's injuries was fundamental error, or even error. Further, only by reading the last phrase of this portion of the charge separately could the reader be led to believe that appellant could be convicted for causing serious bodily injury to complainant for an act other than shooting complainant with a gun.

■ We are of the opinion that Tex.Code Crim.Pro.Ann., art. 36.19, should apply to this case. That article states that a judgment should not be reversed because of a defect in the court's charge, unless the error, if any, was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant did not receive a fair and impartial trial. The charge, as submitted, when given a reasonable interpretation was not calculated to injure appellant's rights and the record shows that he received a fair and impartial trial. We overrule this ground of error.

■ Appellant next claims that the court erred in instructing the jury to set the duration of the probationary period at the same term as it assessed for punishment.

Tex.Code Crim.Pro., art. 42.12 3(a), allows the jury, if it assesses punishment of 10 years or less, to recommend probation for a period of any term of years authorized for the offense, but not to exceed 10 years.

Although the State does not seriously contest the fact that the court erred in the instruction, it urges that such error does not require reversal and that this court can reduce the probationary term to the lowest term allowed by law, two years.

We agree that a reformation of the judgment would be preferable to a reversal and would not be unfair to appellant. However, we are reluctant to extend fundamental error beyond its present boundaries. We hold that appellant's failure to object constituted a waiver of this ground of error, and error, if any, was not fundamental.

Appellant's remaining ground of error urges that the trial court failed to specifically instruct the jury that the law of self defense and the use of deadly force was applicable to the lesser included offense of aggravated assault as well as to the offense of attempted murder, for which appellant was indicted.

■ We reject the State's argument that the evidence did not raise an issue of self defense. Appellant testified that as he was driving home, the complainant began grab-

bing at him and threatened to shoot him with a gun the complainant said he had under the floor board. He further testified that he pulled the car off the road, jumped from it, and fired several shots at complainant. In light of all circumstances involved in the case, this testimony could be considered weak, but it still entitled appellant to a charge on self defense. *Barree v. State,* 621 S.W.2d 776 (Tex.Cr.App.1981).

■ However, in reading the charge as a whole, we do not believe that the charge restricted its instruction on self defense to the attempted murder charge, so as to cause the jury not to consider the right to self defense to be equally applicable to the lesser offense of aggravated assault.

That portion of the charge applicable to self defense reads as follows:

Therefore, even if you believe from the evidence beyond a reasonable doubt that the defendant, Carl T. Lee attempted to cause the death of Alvin Williams, as alleged, but you further believe from the evidence, or you have a reasonable doubt thereof, that, at the time he did so, the defendant reasonably believed that Alvin Williams was using or attempting to use unlawful deadly force against him and that he reasonably believed that the use of force and the degree of force used were immediately necessary to protect himself against Alvin Williams' use or attempted use of deadly force, and that a reasonable person in the defendant's situation would not have retreated, you will find the defendant not guilty.

However, if you believe from the evidence beyond a reasonable doubt that, at the time and place in question, the defendant did not reasonably believe that Alvin Williams was using or attempting to use unlawful deadly force against him, or that the defendant did not reasonably believe that the use of force and the degree of force used were immediately necessary to protect himself against Alvin Williams' use or attempted use of deadly force, or that a reasonable person in the defendant's situation would have retreated, you will find against the defendant on this plea of justification.

As part of the law of self-defense, you are further instructed that the use of force against another is not justified in response to verbal provocation alone.

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant used force against Alvin Williams, as alleged, and that he acted in response to verbal provocation alone, you will find against the defendant on his plea of justification.

However, if you believe from the evidence, or you have a reasonable doubt thereof, that, at the time and place in question, the defendant did not act in response to verbal provocation alone, the defendant would have the right of self-defense and you will decide his plea of justification under the law hereinbefore given you.

You are further instructed when a person is attacked with unlawful deadly force, or he reasonably believes he is under attack or attempted attack with unlawful deadly force, and there is created in the mind of such person a reasonable expectation of fear of death or serious bodily injury, then the law excuses or justifies such person in resorting to deadly force by any means at his command to the degree that he reasonably believes immediately necessary, viewed from his standpoint at the time, to protect himself from such attack or attempted attack. It is not necessary that there be an actual attack or attempted attack, as a person has a right to defend his life and person from apparent danger as fully and to the same extent as he would had the danger been real, provided that he acted upon a reasonable apprehension of danger, as it appeared to him from his standpoint at the time, and that he reasonably believed such force was immediately necessary to protect himself against the other person's use. or attempted use of unlawful deadly force. You are instructed, in connection with the right of self-defense, that if the defendant was acting in self-defense when

he opened fire at the deceased, then he would have a right to continue firing his pistol at deceased so long as it reasonably appeared to him, at the time, as viewed from his standpoint alone, that all danger had not passed.

In *Thomas v. State*, 599 S.W.2d 812 (Tex. Cr.App.1980), the court held that it was not fundamental error for the court to fail to apply the law of self defense to the facts on voluntary manslaughter, as well as to murder, as alleged in the indictment, where the charge involved extensive application of the law to the facts and the charge as a whole presented a broad application of the law to the facts presented in the case. Except for the fact that there was no objection made to the court's failure to apply the law of self defense to the lesser included offense in *Thomas*, and there was an objection in our case, the grounds of error are the same.

Whether appellant committed attempted murder or aggravated assault was entirely dependent upon what the jury believed appellant's culpable mental state to be at the time of the shooting; whether appellant would be convicted of any offense depended on what the jury believed appellant's beliefs to be concerning his safety and his ability to extricate himself at the time of the shooting.

The portion of the charge dealing with self defense deals not with appellant's culpable mental state, but with appellant's fear and apprehension caused by words and acts of complainant. It deals with the facts, then existing, and how appellant (and sometimes the reasonable man) would contend with these facts if he was to preserve his life or present bodily condition.

The charge specifically instructs the jury that on the occasion in question, if he was acting in response to an act other than verbal provocation he would have the right to self defense. This instruction was not limited to any particular offense but was given as a general principle of law.

The court then instructed the jury regarding the appellant's right to protect himself against another's use of unlawful deadly force. Again, that instruction is not limited by the court, but is given as a general rule of law. It concerns a situation that a defendant could find himself confronted with and the rights he had in such a situation. It refers to no offense nor does it imply any limitations.

We hold that the appellant's allegation that the jury could believe that the court's instruction on the law of self defense would apply only to the charge of attempted murder is without merit.

Appellant's grounds of errors are overruled.

Affirmed.