**Affirmed and Memorandum Opinion filed July 31, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00080-CR

---

### ELIAS RAMON MORIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 80363-CR**

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Elias Ramon Morin guilty of murder and assessed punishment at sixty-five years' confinement. In a single issue, appellant contends that the trial court erred by denying his request for the jury charge to include an instruction on self-defense. We affirm.

## I. Legal Principles for Self-Defense Instruction

A defendant is entitled to a jury instruction on self-defense if the issue of self-defense is raised by the evidence, whether that evidence is strong or weak,

unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the defense. *Gamino v. State*, 537 S.W.3d 507, 510 (Tex. Crim. App. 2017) (quotation and alteration omitted). A trial court errs by denying a self-defense instruction if there is some evidence, from any source, when viewed in the light most favorable to the defendant, that will support the elements of self-defense. *Id.*

A person is justified in using deadly force against another when and to the extent that he reasonably believes that deadly force is immediately necessary to protect himself from the other's use or attempted use of unlawful deadly force. *Gonzales v. State*, 474 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *see also* Tex. Penal Code §§ 9.31, 9.32; *Gamino*, 537 S.W.3d at 510. "A person has the right to defend himself from apparent danger to the same extent he would if the danger were real." *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App.1996). Thus, a defendant is entitled to a self-defense instruction if the defendant "reasonably perceives that he is in danger, even though that perception may be incorrect." *Id.* But, the mere fact that the defendant believed the decedent might attack, without evidence that would lead the defendant to *reasonably* believe he was in danger, is insufficient to entitle the defendant to an instruction on self-defense. *Preston v. State*, 756 S.W.2d 22, 25 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). A reasonable belief is one that would be held by an ordinary and prudent person in the same circumstances as the defendant. *See* Tex. Penal Code § 1.07(42).

## II.    Purported Evidence of Self-Defense

As support for his argument that there is some evidence to raise the issue of self-defense, appellant relies solely on the testimony of one of several eyewitnesses to the offense. The eyewitness testified that he went to appellant's house to encourage appellant to spend more time with appellant's daughter. During the conversation,

appellant was fidgeting with a pocketknife that had a four- or five-inch blade. The knife concerned the eyewitness and "weirded [him] out."

The eyewitness also knew one of the other occupants at the house—the decedent's girlfriend. The girlfriend testified that she and the decedent had been staying at the house for about a week and were planning to leave on the day of the murder. The eyewitness testified that appellant invited the eyewitness inside to say hello to the girlfriend. The eyewitness wanted to check on the girlfriend because he heard that she had recently "died" from a heroin overdose—that she wasn't breathing and was "gone for a moment or two." The eyewitness testified that he was aware of appellant being mad at the decedent because the decedent had been the person who injected the girlfriend with the heroin.

Appellant and the eyewitness went to a room where the decedent and the girlfriend had been taking a nap. The eyewitness testified that appellant sat in a chair in the room. The eyewitness shook the decedent's hand, said hello, and began talking with the girlfriend. As the eyewitness was talking with the girlfriend, the decedent "pulled out a big—a big knife from beside the bed." The decedent asked the eyewitness what the eyewitness thought about the knife. The eyewitness responded, "Man, that's a big knife. What are you going to—what are you going to do with that? Fillet AJ's or amberjack?" The decedent just "wield[ed] it around a little bit." The eyewitness testified, "He wasn't threatening me with it. He was showing it to me, and I was kind of shocked by it because it was—it was such a large knife." The eyewitness reiterated that he "didn't take it as a threat." The eyewitness testified that the decedent sat down on the bed and put the knife away between the wall and the mattress. The decedent "didn't have it in his hand anymore."

While the eyewitness and the girlfriend were talking, appellant walked up to the sitting decedent and stabbed the decedent in the chest, though at the time the eyewitness

3

thought that appellant had only punched the decedent. The eyewitness did not see anything in appellant's hand but did see blood on appellant's hand. After the attack, appellant put his hands together like he was closing a pocketknife or folding a blade. The eyewitness heard someone scream or "squeal" to call 911 for an ambulance. The eyewitness immediately left the scene.

## III. Analysis

On appeal, appellant contends that the eyewitness's testimony raises the issue of self-defense because the decedent had been "wielding around a very large knife." The State contends that this evidence is not evidence showing that the decedent caused appellant to reasonably believe that deadly force was immediately necessary to protect himself. We agree with the State.

The facts presented above are not comparable to the evidence of apparent danger in *Hamel*. *See* 916 S.W.2d at 492–94 (holding that the defendant was entitled to a self-defense instruction when the defendant stabbed the complainant after the complainant had said he was going to his car to get a gun to shoot the defendant's father; the complainant started walking toward the car; and the defendant testified that he believed his actions were necessary to defend his life). There is no evidence that the decedent made any threats against appellant, either by words or by gesture. Nor did appellant testify or otherwise present any evidence of a subjective intent to use self-defense at the time of the murder. *Cf. Gonzales*, 474 S.W.3d at 349 (error to omit self-defense instruction when police officers testified that the defendant ran out of the decedent's room screaming, "He has a gun! It was self-defense!").

Under the circumstances described by the eyewitness—that the decedent had shown the knife in a non-threatening manner and then put it away—no ordinary and prudent person in appellant's position could have believed that deadly force was immediately necessary to protect himself from the decedent's use or attempted use of

unlawful deadly force. *See Barree v. State*, 621 S.W.2d 776, 778–79 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g en banc) (no error to omit self-defense instruction because there was no evidence that the defendant's use of force was immediately necessary to protect himself from the complainant; the complainant testified that the complainant had "pulled out his pocket knife" and told the defendant to back up, so there was "undisputed evidence that the complainant had a pocket knife, but the record is void of evidence that the complainant ever attempted to use the knife or even threatened to use the knife"); *see also Graves v. State*, 452 S.W.3d 907, 910–11 (Tex. App.—Texarkana 2014, pet. ref'd) (no error to omit self-defense instruction when the decedent attempted to forcibly and violently enter the defendant's home, and when the defendant pushed the decedent back outside, the decedent said he was going to "come back and shoot the whole house up"; the defendant shot the decedent as the decedent was backing away).

The trial court did not err by denying the requested instruction on self-defense. Appellant's sole issue is overruled.

## IV.    Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

/s/      Ken Wise
Justice

Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).