RILEY REED V. STATE.

No. 24242. February 16, 1949.

*M. Hendricks Brown* and *W. O. Freeman,* both of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense; the punishment, forty-five years in the penitentiary.

We state the facts only in a general way, as showing the issues arising.

The state's testimony is deemed sufficient to show that appellant, without justification or excuse, killed deceased by stabbing her with a knife having a blade about three and three-quarter inches in length.

The defensive testimony raised self-defense from the actual as well as apparent attack of the deceased. Self-defense upon threats and accidental killing were also raised.

The manner in which the issue of self-defense was submitted presents the question decisive of this appeal.

The trial court, in submitting self-defense, instructed the

jury to the effect that the appellant had the right to defend against the attack, real or apparent of deceased, producing a reasonable expectation or fear of death or serious injury, as viewed from his (appellant's) standpoint at the time.

The charge, as given, was in keeping with established precedents and no objection was levelled thereto.

The trial court also submitted self-defense based upon threats and upon accidental killing.

After submitting a charge upon aggravated assault, the following charge was given:

"You are instructed that every person is permitted by law to defend himself against any act of unlawful violence offered to his person, but in exercising this right of self-defense he is only permitted to use such degree of violence as is reasonably necessary, as viewed from his standpoint to prevent or protect himself against such unlawful violence.

"Now, if you believe from the evidence that the defendant in inflicting the injuries upon the said Ruby Fay Wright, if he did so, as charged in the indictment, acted in his own necessary self-defense, as viewed from his standpoint, and it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger, as it appeared to him from his standpoint, and that he did not use greater force than was necessary to prevent such assault, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict 'not guilty.'"

The first paragraph above quoted appears to have reference to the provisions of Art. 1224, P. C.

By that statute, the right is given one to defend against an unlawful and violent attack less than deadly, provided all other means are resorted to for the prevention of injury from such attack.

Apparently, the trial court was attempting, in the second paragraph above quoted, to apply the provisions of said statute.

Whether such charge was called for under the facts need not be here determined.

The question before us is that of the effect of the charge in the light of the case as a whole.

Reduced to its final analysis, the effect of the charge was to tell the jury that if appellant acted in his own necessary self-defense when he stabbed deceased and used no more force than was necessary to prevent the assault by deceased, he would not be guilty. It will be noted that such a charge is not limited in its application to an unlawful and violent attack, less than deadly, by deceased, but is so framed as to include self-defense from the deadly attack. An accused is not limited to the use of no more force than reasonably necessary to repel or defend against the deadly attack of his adversary.

We are unable to reach any other conclusion but that the charge, as given in the second paragraph above quoted, was an unjustified and unwarranted limitation upon appellant's right of self-defense.

Exceptions pertinently pointing out this error were reserved to the charge.

Most of the other questions will not likely arise upon another trial and, for that reason, are not discussed.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.