Blanco Elsa ROMERO a/k/a Rosa Mirian Romero, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–00097–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 15, 1983.

Discretionary Review Refused April 18, 1984.

Juan M. Aldape, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

BULLOCK, Justice.

Appellant was convicted by a jury of murder, and the jury assessed punishment at ten years incarceration. She brings two grounds of error on appeal.

In her first ground, appellant alleges error in the trial court's refusal to grant the following requested jury instruction:

> You are further instructed on the law of self-defense that a person is justified in using *deadly force* against another to prevent the other's imminent commission of aggravated kidnapping, murder, rape, aggravated rape, robbery, or aggravated robbery.
>
> You are further instructed that on the law of self-defense, that if you find from the evidence that threats were made to the Defendant by LAZARO NAVARRETE to do the Defendant serious bodily injury or to take her life; or if you find from the evidence that the defendant was the victim of one of the above defined crimes then in commission, or was about to become the victim of one of the above defined crimes, then the Defendant has a right to arm herself and exercise her right of self-defense as set out above. (emphasis added)

The requested instruction sought to apply Tex.Penal Code Ann. § 9.32(3)(B) (Vernon 1974), which permits the use of deadly force to prevent rape. The trial court refused to give this instruction, but it did instruct the jury as follows:

> Upon the law of self-defense, you are instructed that a person is justified in using *force* against another *when and to the degree he reasonably believes the force is immediately necessary* to protect himself against the other person's use or attempted use of unlawful force, in this case rape.
>
> You are instructed that if threats were made by the deceased to take the life of the defendant, or to do her serious bodily injury, or the defendant reasonably believed they were made, then the defendant had the right under the law to arm

herself and her right of self-defense would not in any manner be cut off or abridged for thus acting. (emphasis added)

The court's charge is taken from § 9.31 of the Penal Code, which sets out the legal justifications for the use of non-deadly force. The trial court gave two and one-half pages of instructions to the jury on the theory of self-defense, granting each of appellant's requested instructions except the one noted here. However, none of the instructions told the jury that appellant was entitled to use deadly force to prevent rape.

Appellant testified that she shot the deceased because he was trying to rape her. Since appellant used deadly force to repel the deceased's attack, the trial court should have given an instruction under § 9.32. *Cf. Reed v. State,* 217 S.W.2d 675 (Tex.Cr.App.1949) (instruction was held erroneous when it limited force available to accused who defended himself against deadly force). Although appellant's requested instruction did not precisely track the language of § 9.32, it was sufficient to direct the trial court's attention to the proper language. *Moore v. State,* 91 Tex.Cr.R. 118, 237 S.W. 931 (Tex.Cr.App.1922). Appellant's ground of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.