Carla Rosanne PIERINI, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–89–00521–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1991.

Discretionary Review Refused
May 15, 1991.

Will Gray, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., for appellee.

Before EVANS, C.J., and HUGHES and SCHNEIDER, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from a conviction for murder. A jury found appellant, Carla Rosanne Pierini, guilty as charged in the indictment, and sentenced her to a seven-year probated sentence. We reverse and remand for a new trial.

About 2:00 p.m. on March 16, 1987, Harris County Deputy Leroy Deckerd answered a criminal trespass complaint at Christos Schinas' home. Mr. Schinas told Deputy Deckerd that appellant had a gun and refused to leave his home. Deputy Deckerd entered the structure accompanied by Schinas. Deckerd arrested appellant when she refused to leave and took her to a police substation. From the substation, appellant called Schinas. Within a half hour, Schinas retrieved appellant from the substation and he refused to press charges against her.

Later that afternoon, appellant killed Schinas with a single gunshot to his chest. She claims to have fired in self-defense. She contends that once they returned to his house from the police substation, Schinas began to beat her. He allegedly pulled off her clothing and dragged her into the bedroom. During this alleged assault, appellant experienced a sharp pain in her rectum. She testified that she managed to get away and reach the kitchen. There she contends she grabbed a sharp edged can opener containing a corkscrew to defend herself. Schinas followed her into the kitchen where he took the can opener away from her, but she was able to escape to the living room where she armed herself with a handgun. Appellant testified that Schinas approached her with the can opener, even though she was pointing the gun at him and warning she would shoot if he came closer. Appellant testified that, when Schinas came closer and continued telling her, "I'll kill you," she shot him. She further testified that she thought Schinas was going to kill her.

Appellant first met Schinas in 1982. They had an on-again, off-again romantic relationship until their marriage in 1985. During this period, they lived together whenever the relationship was good. Although their marriage in June of 1985 lasted only six months, they continued to live together for a short while thereafter. Appellant moved out and began to support herself. According to appellant, on March 1, 1987, some two weeks before his death, the deceased asked her to remarry him.

According to appellant, their relationship was unstable because Schinas physically and sexually abused her. She described how Schinas was very demanding of her; how he forced her to follow a strict set of written rules of conduct. If she did not meet his demands or broke one of his rules, he would become angry and hit her. Once he hit her face with his fist for leaving a piece of lettuce in the refrigerator. Appellant's sister testified that during one such fit of anger at her house, Schinas broke appellant's arm. On the eve of Schinas' death, appellant allegedly was sexually assaulted by Schinas.

Notwithstanding this alleged sexual and physical abuse, appellant also testified that she loved Schinas and he could be very sweet. To explain this contradiction, appellant offered the testimony of Dr. Toby Myers, an expert in the psychology of family violence. She described how many women suffer from what has been termed the "Battered Women's Syndrome."

Dr. Myers testified that from her examinations of appellant, she believed appellant suffered from this syndrome at the time she killed Schinas. Women in this condition learn helplessness because the men who batter them frighten them into seclusion and reduce their self-esteem through violence. She related to the jury how these women are unable to leave the men who beat them because of this learned helplessness.

Appellant contends the trial court erred in excluding an instruction to the jury on the law of self-defense. Appellant's proposed instruction expanded the possible justification for her actions from simply defending against the imminent commission of sexual assault to include a defense against the imminent threat of death or serious bodily injury.

Appellant requested the following instruction:

If at the time Carla Pierini shot and killed Christos Schinas, she reasonably believed, based upon a prior history of repeated emotional and physical abuse, that Christos Schinas was about to cause her *death or serious bodily injury* [or

sexually assault her] [sic], then she was privileged to use such physical force against Christos Schinas as she believed to be necessary in order to protect herself including the right to use deadly force against Christos Schinas and that a reasonable person in Carla Pierini's situation would not have retreated, then you should acquit her, and say by your verdict not guilty.

(Emphasis added.)

Appellant received the following instruction:

Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree she reasonably believes the force is immediately necessary to protect himself [sic] against the other person's use or attempted use of unlawful force.... A person is justified in using deadly force against another if she would be justified in using force against the other in the first place, as set out, and when she reasonably believes that such deadly force is immediately necessary to protect herself against the other person's imminent commission of *sexual assault or aggravated sexual assault* upon her, and if a reasonable person in the defendant's situation would not have retreated.

### 1. *Right to Instruction on Defensive Issues*

■ A defendant is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim.App.1987). A defensive issue may be raised solely by the defendant's testimony. *Warren v. State*, 565 S.W.2d 931, 933–34 (Tex.Crim.App. [Panel Op.] 1978). In determining whether the testimony of the accused raises an issue of self-defense, the truth of the accused's testimony is not at issue. *Rodriquez v. State*, 544 S.W.2d 382, 383 (Tex. Crim.App.1976).

■ This Court addressed the exact converse of appellant's situation in *Romero v. State*, 663 S.W.2d 121 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). In that case, the trial court allowed an instruction approving the use of deadly force to prevent murder, but erroneously excluded an instruction concerning the use of deadly force to prevent rape. *Id.* at 122. Here, the trial court allowed an instruction concerning the use of deadly force to prevent rape, but excluded a requested instruction concerning the use of deadly force to prevent death or serious bodily injury. Appellant testified Schinas told her he was going to kill her, and she believed he would. This was enough to raise the issue of whether appellant was entitled to use deadly force in response to another's use or attempted use of force or deadly force as allowed by TEX.PENAL CODE ANN. § 9.32(3)(A) (Vernon Supp.1991).

We conclude the trial court's limitation on appellant's use of self-defense to a situation involving only the fear of a sexual assault, and the trial court's failure to instruct the jury that self-defense was also applicable to a situation involving the fear of imminent death or serious bodily injury, was error.

### 2. *Standard of Review When Jury Improperly Instructed*

■ Having found error in the charge, we now must determine what standard of review is required. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). If a proper objection to the charge was made, or the defendant properly preserved error by making a correct special request that was overruled, then we must look to see if there was sufficient harm to the defendant. *Id.* The amount of harm required to mandate a reversal depends on whether the error requiring reversal was preserved or unpreserved. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986). If the error was properly preserved at trial, "any harm, regardless of degree," is sufficient to require reversal of the conviction. *Id.* Cases involving preserved charging error will be affirmed only if no harm has occurred. *Id.*

### A. *Preservation of Error*

■ Appellant did not object to the court's failure to instruct the jury that

self-defense was also applicable to a situation involving the fear of imminent death or bodily injury. Appellant did, however, submit an instruction (quoted above) that the trial court refused. Because appellant's requested instruction included the phrase "based upon a prior history of repeated emotional and physical abuse," it did not precisely track the language of article 9.32(3)(A). We conclude, however, that the inclusion of such language was mere surplusage. Appellant's requested instruction was sufficient to direct the trial court's attention to the proper language of the statute. *Romero v. State*, 663 S.W.2d at 122.

### B. *Harm*

█ The jury was instructed only as to the use of self-defense in the context of appellant's fear of imminent *sexual* assault or aggravated *sexual* assault. The record shows that, at the time the altercation took place, appellant's fear was not limited to sexual assault. She testified that she feared the decedent was going to *kill* her. The jury, however, was not instructed that appellant's fear of imminent death or serious bodily injury was also a basis upon which she could have acted in self-defense. Appellant was harmed by this error.

We are of the opinion that appellant's testimony was sufficient to raise the issue of whether her actions were justified because of fear of imminent death or serious bodily injury. We offer no opinion, however, regarding the truthfulness of her testimony. The issue is whether the jury should have been allowed to test her truthfulness on issues raised by her testimony.

Accordingly, the judgment of the trial court is reversed, and the case remanded for a new trial.

SCHNEIDER, J.,[1] not participating.

---

[1]  The Honorable Michael H. Schneider, former Justice, First Court of Appeals at Houston, Texas.