Isaac ELMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–06–00933–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 7, 2008.

Elizabeth L. DeRieux, Brown McCarroll, LLP, Longview, TX, Peter Adams, Law Office of Peter Adams, Houston, TX, for Appellant.

Celeste Carter Blackburn, Assistant District Attorney–Harris County, Houston, TX, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellant, Isaac Elmore, was convicted of aggravated assault with a deadly weapon, and the jury assessed punishment at 16 years in prison. In one issue, appellant challenges the trial court's refusal to include self-defense in the jury charge.

We affirm.

### Background

Appellant lived next door to Sanford Abraham and his family for more than seven years. According to appellant, although appellant had been a helpful neighbor to Abraham, appellant and Abraham had numerous disagreements, mostly related to appellant's belief that Abraham

was littering and otherwise damaging appellant's lawn.

In the morning on February 26, 2005, appellant noticed a patch of his front lawn that appeared to have been burned. That morning, Abraham was in his garage, getting ready to take his six-year-old son to get doughnuts. Appellant, who suffered numerous health problems, testified that he armed himself with a handgun, went outside, and confronted Abraham about his lawn. Appellant testified, "The only thing I did I called him out. I spoke to him." Appellant testified that he was standing in the street at the time. "I was standing right in front of my mailbox in front of my house out in the street."

Appellant testified that Abraham had threatened him in the past, once saying, "Don't make me have to do something to you, old man." When appellant confronted Abraham that morning, Abraham raised his right hand to appellant, and appellant felt threatened. Appellant testified, "I was frightened because he had threatened my life more than once telling me what he would do to me.…." Appellant testified that this was why he had his gun with him that morning.

According to appellant, when Abraham raised his hand to appellant, appellant backed away and then shot Abraham twice. When Abraham turned to flee, appellant "panicked" and shot him again. After the shooting, appellant and Abraham went into their homes.

Abraham or his wife called 9–1–1. Three peace officers arrived, arrested appellant, confiscated the gun, and took photographs of the crime scene. Abraham was taken to the hospital by Life Flight, because his injuries were critical.

At trial, appellant objected to the trial court's refusal to charge the jury on self-defense and requested such an instruction. Appellant was convicted of aggravated assault with a deadly weapon, and the jury assessed punishment at 16 years in prison.[1]

## Standard of Review

In determining whether there is reversible error due to an erroneous jury charge, we first decide whether error exists, and if error exists, then we determine whether appellant was harmed. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). Because appellant timely objected to the charge, charge error is preserved, and we will reverse only if we find some actual harm. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex.Crim.App.1994) ("Where there has been a timely objection made at trial, an appellate court will search only for 'some harm.'")

## Self–Defense

Former section 9.31 of the Penal Code provided that "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 9.31(a), 1993 Tex. Gen. Laws 3586, 3598 (former 1993 TEX. PENAL CODE § 9.31(a), since amended). "A person is justified in using deadly force against another (1) if he would be justified in using force against the other under Section 9.31; (2) if a reasonable person in the actor's situation would not have retreated; and (3) when and to the degree he reasonably believes the deadly force is immediately necessary

---

1. Appellant turned down a plea bargain for four years in prison and opted for trial by jury instead.

(A) to protect himself against the other's use or attempted use of unlawful deadly force...." Act of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, sec. 9.32(a), 1995 Tex. Gen. Laws 2141, 2141 (former 1995 TEX. PENAL CODE § 9.32(a), since amended).

The use of force against another is *not* justified if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was carrying a weapon in violation of Section 46.02. TEX. PENAL CODE ANN. § 9.31(b)(5) (Vernon Supp.2007). Former section 46.02 provided that "a person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." Act of June 1, 1997, 75th Leg., R.S., ch. 1261, § 24, sec. 46.02(a), 1997 Tex. Gen. Laws 4766, 4776 (former 1997 TEX. PENAL CODE § 46.02(a), since amended).

### Jury Charge

 A defendant is entitled to an instruction on every defensive issue raised by the evidence. *Pierini v. State,* 804 S.W.2d 258, 260 (Tex.App.-Houston [1st Dist.] 1991, pet ref'd) (citing *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim.App. 1987)). A defensive issue may be raised solely by the defendant's testimony. *Pierini,* 804 S.W.2d at 260 (citing *Warren v. State,* 565 S.W.2d 931, 933–34 (Tex.Crim. App.1978)). In determining whether the defendant's testimony raises an issue of self-defense, the truth of the defendant's testimony is not at issue. *Pierini,* 804 S.W.2d at 260 (citing *Rodriquez v. State,* 544 S.W.2d 382, 383 (Tex.Crim.App.1976)). Ordinarily, issues like provocation or whether the defendant carried a gun to a discussion are fact issues, and they are included in the jury's charge as limitations to self-defense. *Williams v. State,* 35 S.W.3d 783, 785–86 (Tex.App.-Beaumont

2001, pet. ref'd) (citing *Dyson v. State,* 672 S.W.2d 460, 463 (Tex.Crim.App.1984)). However, when the evidence establishes as a matter of law that force is not justified in self-defense, then no self-defense issue is required. *Williams,* 35 S.W.3d at 785–86. For example, in *Williams* the court of appeals held that the trial court did not err in refusing to charge the jury on self-defense, when the defendant-stepfather admitted bringing a gun with him to confront the victim after the victim spanked defendant's stepson with a belt. *Id.* at 786.

### Discussion

 Here, appellant's own testimony established as a matter of law that his use of force was not justified in self-defense. First, appellant testified that he carried a gun to the street outside his house. Second, appellant testified that he had prior disagreements with Abraham about his lawn, and that he confronted Abraham about this while carrying his gun in the street. Appellant's testimony satisfied, as a matter of law, all of the elements of "carrying a gun to a discussion," and we conclude that he was, therefore, not entitled to a self-defense instruction. *See* TEX. PENAL CODE ANN. § 9.31(b)(5); *Williams,* 35 S.W.3d at 785–86. We hold that the trial court did not err in refusing the requested self-defense instruction.

We overrule appellant's sole issue.

### Conclusion

We affirm the trial court's judgment.