Opinion issued February 7, 2008









In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00933-CR






ISAAC ELMORE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1018204






O P I N I O N

 Appellant, Isaac Elmore, was convicted of aggravated assault with a deadly
weapon, and the jury assessed punishment at 16 years in prison. In one issue,
appellant challenges the trial court's refusal to include self-defense in the jury charge.

 We affirm.

Background


 Appellant lived next door to Sanford Abraham and his family for more than
seven years. According to appellant, although appellant had been a helpful neighbor
to Abraham, appellant and Abraham had numerous disagreements, mostly related to
appellant's belief that Abraham was littering and otherwise damaging appellant's
lawn. 

 In the morning on February 26, 2005, appellant noticed a patch of his front
lawn that appeared to have been burned. That morning, Abraham was in his garage,
getting ready to take his six-year-old son to get doughnuts. Appellant, who suffered
numerous health problems, testified that he armed himself with a handgun, went
outside, and confronted Abraham about his lawn. Appellant testified, "The only thing
I did I called him out. I spoke to him." Appellant testified that he was standing in the
street at the time. "I was standing right in front of my mailbox in front of my house
out in the street." 

 Appellant testified that Abraham had threatened him in the past, once saying,
"Don't make me have to do something to you, old man." When appellant confronted
Abraham that morning, Abraham raised his right hand to appellant, and appellant felt
threatened. Appellant testified, "I was frightened because he had threatened my life
more than once telling me what he would do to me . . . ." Appellant testified that this
was why he had his gun with him that morning. 

 According to appellant, when Abraham raised his hand to appellant, appellant
backed away and then shot Abraham twice. When Abraham turned to flee, appellant
"panicked" and shot him again. After the shooting, appellant and Abraham went into
their homes. 

 Abraham or his wife called 9-1-1. Three peace officers arrived, arrested
appellant, confiscated the gun, and took photographs of the crime scene. Abraham
was taken to the hospital by Life Flight, because his injuries were critical.

 At trial, appellant objected to the trial court's refusal to charge the jury on
self-defense and requested such an instruction. Appellant was convicted of
aggravated assault with a deadly weapon, and the jury assessed punishment at 16
years in prison. (1) 

 Standard of Review


 In determining whether there is reversible error due to an erroneous jury
charge, we first decide whether error exists, and if error exists, then we determine
whether appellant was harmed. Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim.
App. 2003). Because appellant timely objected to the charge, charge error is
preserved, and we will reverse only if we find some actual harm. Abdnor v. State,
871 S.W.2d 726, 732 (Tex. Crim. App. 1994) ("Where there has been a timely
objection made at trial, an appellate court will search only for 'some harm.'")

Self-Defense

 Former section 9.31 of the Penal Code provided that "a person is justified in
using force against another when and to the degree he reasonably believes the force
is immediately necessary to protect himself against the other's use or attempted use
of unlawful force." Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec.
9.31(a), 1993 Tex. Gen. Laws 3586, 3598 (former 1993 Tex. Penal Code § 9.31(a),
since amended). "A person is justified in using deadly force against another (1) if he
would be justified in using force against the other under Section 9.31; (2) if a
reasonable person in the actor's situation would not have retreated; and (3) when and
to the degree he reasonably believes the deadly force is immediately necessary (A)
to protect himself against the other's use or attempted use of unlawful deadly
force . . . ." Act of May 16, 1995, 74th Leg., R.S., ch. 235, § 1, sec. 9.32(a), 1995
Tex. Gen. Laws 2141, 2141 (former 1995 Tex. Penal Code § 9.32(a), since
amended).

 The use of force against another is not justified if the actor sought an
explanation from or discussion with the other person concerning the actor's
differences with the other person while the actor was carrying a weapon in violation
of Section 46.02. Tex. Penal Code Ann. § 9.31(b)(5) (Vernon Supp. 2007). Former
section 46.02 provided that "a person commits an offense if he intentionally,
knowingly, or recklessly carries on or about his person a handgun, illegal knife, or
club." Act of June 1, 1997, 75th Leg., R.S., ch. 1261, § 24, sec. 46.02(a), 1997 Tex.
Gen. Laws 4766, 4776 (former 1997 Tex. Penal Code § 46.02(a), since amended).

Jury Charge

 A defendant is entitled to an instruction on every defensive issue raised by the
evidence. Pierini v. State, 804 S.W.2d 258, 260 (Tex. App.--Houston [1st Dist.]
1991, pet ref'd) (citing Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987)).
A defensive issue may be raised solely by the defendant's testimony. Pierini, 804
S.W.2d at 260 (citing Warren v. State, 565 S.W.2d 931, 933-34 (Tex. Crim. App.
1978)). In determining whether the defendant's testimony raises an issue of
self-defense, the truth of the defendant's testimony is not at issue. Pierini, 804
S.W.2d at 260 (citing Rodriquez v. State, 544 S.W.2d 382, 383 (Tex. Crim. App.
1976)). Ordinarily, issues like provocation or whether the defendant carried a gun to
a discussion are fact issues, and they are included in the jury's charge as limitations
to self-defense. Williams v. State, 35 S.W.3d 783, 785-86 (Tex. App.--Beaumont
2001, pet. ref'd) (citing Dyson v. State, 672 S.W.2d 460, 463 (Tex. Crim. App.
1984)). However, when the evidence establishes as a matter of law that force is not
justified in self-defense, then no self-defense issue is required. Williams, 35 S.W.3d
at 785-86. For example, in Williams the court of appeals held that the trial court did
not err in refusing to charge the jury on self-defense, when the defendant-stepfather
admitted bringing a gun with him to confront the victim after the victim spanked
defendant's stepson with a belt. Id. at 786. 

Discussion

 Here, appellant's own testimony established as a matter of law that his use of
force was not justified in self-defense. First, appellant testified that he carried a gun
to the street outside his house. Second, appellant testified that he had prior
disagreements with Abraham about his lawn, and that he confronted Abraham about
this while carrying his gun in the street. Appellant's testimony satisfied, as a matter
of law, all of the elements of "carrying a gun to a discussion," and we conclude that
he was, therefore, not entitled to a self-defense instruction. See Tex. Penal Code
Ann. § 9.31(b)(5); Williams, 35 S.W.3d 785-86. We hold that the trial court did not
err in refusing the requested self-defense instruction.

 We overrule appellant's sole issue.


Conclusion

 We affirm the trial court's judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.


Publish. Tex. R. App. P. 47.2(b).
1. Appellant turned down a plea bargain for four years in prison and opted for trial by jury
instead.