**Affirmed and Memorandum Opinion filed May 13, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-01021-CR

**ERICK HERMAN SANTOS-VALDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 11CR1634**

## M E M O R A N D U M   O P I N I O N

Appellant Erick Herman Santos-Valdez appeals his murder conviction. On appeal, appellant argues the trial court erred by failing to include instructions on the imperfect right of self-defense, abandonment, and necessity in the court's charge. A necessity instruction was included in the charge, however, and appellant did not request inclusion of the other two issues. Because the trial court did not have a *sua sponte* duty to include defensive instructions on the imperfect right of

self-defense or abandonment, it did not err by omitting them.  We therefore affirm.

## BACKGROUND

Appellant was tried and convicted for the murder of complainant Daniel Lee Clark.  Appellant testified at trial to the following version of events.  Appellant admitted that his testimony conflicted with a statement he had previously provided to law enforcement as well as the testimony of other witnesses, but we summarize his testimony here to provide context for his arguments regarding the jury charge.

Appellant testified that he was hanging out with friends Andrew Robles and Stephen Roman-Garza when Roman-Garza asked appellant for a ride to visit a girl in an unfamiliar neighborhood.  Appellant agreed and drove the three of them to the neighborhood.  Appellant parked the car and the three of them got out and started walking around.

Appellant saw Robles open the door of a pickup truck.  Appellant then heard a noise and turned to see the complainant, who he assumed was the truck's owner, running towards the truck.  Appellant saw the complainant jump into the driver's side of the truck and drive off.

Appellant then heard the truck getting louder again, leading him to believe it was returning.  After getting in and starting his own vehicle, appellant saw the complainant's truck speeding toward him in reverse.  Appellant tried to get around the truck, but the complainant steered his truck into the path of appellant's vehicle, preventing appellant from passing on either side.

According to appellant, the complainant jumped out of the truck and ran towards appellant's vehicle.  The complainant said "I'm going to get you," and cursed at appellant.  The complainant smacked appellant around his neck and grabbed his shirt, pulling him partially out of the car through the window.

2

Appellant felt the complainant hitting him.

Appellant "went into survival mode" and reached for a gun, which he knew his brother had left in appellant's vehicle after borrowing it. Appellant held up the gun, showing it to the complainant. Appellant testified he was still fighting the complainant off when the complainant started reaching for the gun. Appellant thought he was losing his grip on the gun and the complainant would take it away from him. Appellant pushed the complainant off of him, closed his eyes, and pulled the trigger. Appellant agreed that based on the number of entry wounds in the complainant's body, he shot the complainant at least five times.

Appellant made no objections to the charge of the court, which included an instruction on the law of necessity. The jury found appellant guilty. The court conducted a punishment hearing and sentenced appellant to seventy-five years confinement.

## ANALYSIS

Appellant presents three issues on appeal, which we address together. He argues that the trial court erred by omitting instructions from the jury charge regarding (1) the imperfect right of self-defense, (2) abandonment, and (3) necessity.[1]

In resolving a challenge to the jury charge, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we analyze that error for harm under the applicable standard set out in

---

[1] Appellant also briefly notes that the imperfect right of self-defense may be relevant as a basis for mitigation during the punishment phase of the trial, but he does not develop the argument. Instead, his brief states that he is challenging the guilty verdict at trial, not his sentence. In any event, appellant's punishment was tried to the bench, so we presume the trial court correctly applied the law. *See Coonradt v. State*, 846 S.W.2d 874, 876 (Tex. App.— Houston [14th Dist.] 1992, pet. ref'd).

3

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If, as here, the defendant did not object to the alleged error at trial, we will reverse only if the error is "so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Id.* (quoting *Almanza*, 686 S.W.2d at 171).

Article 36.14 of the Texas Code of Criminal Procedure requires the trial court to deliver a written charge to the jury "distinctly setting forth the law applicable to the case." Certain issues may be forfeited if their inclusion in the charge is not requested. *Zamora v. State*, 411 S.W.3d 504, 513 (Tex. Crim. App. 2013). If the trial court undertakes to charge the jury on a defensive issue, that issue is included in the law applicable to the case. *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim. App. 1998). Otherwise, unless "a rule or statute *requires* an instruction under the particular circumstances," the defendant must timely request a defensive issue or object to its omission from the charge in order for it to be considered law applicable to the case. *Oursbourn v. State*, 259 S.W.3d 159, 179–80 (Tex. Crim. App. 2008); *see also Williams v. State*, 273 S.W.3d 200, 223 (Tex. Crim. App. 2008) ("[A] party can forfeit the right to complain about the omission of a defensive issue because the defensive issue must be requested before the trial court has a duty to place it in the charge, and so no 'error' occurs absent a request.").

Here, appellant does not complain that the trial court misstated the law in its charge, but that three instructions bearing on his culpability should have been included. In particular, appellant complains that the court erred in omitting an instruction on necessity. Appellant has shown no error in this regard, however,

because the charge did include an instruction on necessity.[2]

Appellant also complains that the court erred in omitting instructions on imperfect self-defense and abandonment. As explained below, imperfect self-defense and abandonment are defensive issues that may be relevant in evaluating a claim of self-defense in certain cases. Assuming without deciding that those issues were raised by the evidence, because appellant did not object to their exclusion from the charge, they will not be considered law applicable to the case unless the trial court had an independent duty to instruct on those issues. *Oursbourn*, 259 S.W.3d at 179–80; *Williams*, 273 S.W.3d at 223.

Appellant has not cited any authority suggesting that the trial court has a *sua sponte* duty to instruct on either the imperfect right of self-defense or abandonment when the evidence raises those issues.[3] Nor has our independent review revealed

---

[2] For example, the charge included the following language:

"As to the law of necessity, you are instructed that a person's conduct is justified if that person reasonably believes his conduct is immediately necessary to avoid imminent harm; the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear."

[3] Appellant cites only cases in which the defendant timely requested an instruction. *See, e.g.*, *Williams v. State*, 630 S.W.2d 640, 643 (Tex. Crim. App. 1982) ("The appellant first complains of the trial court's refusal to give the following special requested charge . . . ."); *Semaire v. State*, 612 S.W.2d 528, 530 (Tex. Crim. App. [Panel Op.] 1980) ("The trial court refused the appellant's requested instruction on the law of self-defense."); *Evans v. State*, 601 S.W.2d 943, 946–47 (Tex. Crim. App. 1980) ("Appellant contends that this issue was raised by the evidence and that he timely requested the court to submit the issue to the jury."); *Rodriquez v. State*, 544 S.W.2d 382, 383 (Tex. Crim. App. 1976) ("Appellant contends the trial court erred in refusing to charge the jury on self-defense after timely objection was made."); *Preston v. State*, 756 S.W.2d 22, 24 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *Hubbard v. State*, 133 S.W.3d 797, 798 (Tex. App.—Texarkana 2004, pet. ref'd) ("[Appellant] was denied a requested jury instruction on the issue of necessity . . . ."); *Pierini v. State*, 804 S.W.2d 258, 260 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) ("Here, the trial court . . . excluded a requested instruction concerning the use of deadly force to prevent death or serious bodily injury."); *Burleson v. State*, 791 S.W.2d 334, 339 (Tex. App.—Austin 1990, pet. dism'd) ("[Appellant]

such a *sua sponte* duty. We note that trial courts do not have a *sua sponte* duty to instruct on self-defense, even if it is raised by the evidence. *See Barrera*, 982 S.W.2d at 416.

Moreover, imperfect self-defense and abandonment were not material issues in this case because the State did not request—and the trial court did not submit—an instruction on provoking the difficulty. Cases discussing the imperfect right of self-defense and abandoning the difficulty suggest that these doctrines narrow the State's ability to argue that the accused did not act in self-defense because he provoked the difficulty. Accordingly, instructions on these doctrines would be warranted upon the defendant's request only if the court instructs the jury on provoking the difficulty as a limit on the defendant's right of self-defense. *See, e.g.*, *Young v. State*, 530 S.W.2d 120, 122 (Tex. Crim. App. 1975); *Jones v. State*, 192 S.W.2d 155, 157 (Tex. Crim. App. 1946) ("As we understand the law relative to the right of imperfect self-defense, it arises where the accused provokes a difficulty . . . ."); *Cole v. State*, 923 S.W.2d 749, 753 (Tex. App.—Tyler 1996, no pet.) ("Where the trial court instructs the jury on the defendant's right of self-defense and places no restrictions, such as provocation by the defendant, on such defense, a charge on abandonment of difficulty is unnecessary.").

The charge here did not include an instruction on either self-defense or provoking the difficulty. Thus, we conclude that instructions on the imperfect right of self-defense or abandoning the difficulty are not part of the law applicable to the case.

Because the charge included an instruction on necessity, and appellant did not complain about the charge's omission of defensive instructions on the

---

complains that the trial court erred in denying his requested questions in the jury charge on the defenses of necessity, duress, and medical care.").

6

imperfect right of self-defense and abandonment, we hold there is no error in the charge for us to subject to an *Almanza* harm analysis. Accordingly, we overrule appellant's three issues.

## CONCLUSION

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

/s/     J. Bretty Busby
   Justice

Panel consists of Justices McCally, Busby, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).